**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MAUREN JEROME ASHFORD, *et al.*,

                              Plaintiffs,

              - v -                                             Civ. No. 9:08-CV-1036
                                                                               (DNH/RFT)

ELIOT SPITZER, *et al.*,

                                Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. The Complaint lists several Plaintiffs, and even more Defendants, and since the filing of the Complaint, other individuals have submitted affidavits purportedly seeking inclusion in this lawsuit. *See* Dkt. Nos. 4, 5, 10, & 12. Of the many Plaintiffs and purported Plaintiffs, the Court has received only one Application to Proceed *in Forma Pauperis*, Dkt. No. 3, and no inmate authorizations forms. Also pending on the Docket is Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order,[1] Dkt. No. 2, and a Motion to Appoint Counsel, Dkt. No. 13.

      Before the Court can review the Complaint to determine whether summonses should be issued, several preliminary matters require our attention.

      First, it appears that several Defendants named in the "Parties" section of the Complaint were inadvertently omitted from the Docket Report. Thus, the Court directs the Clerk of the Court to add the following Defendants: (1) Hoetger, Corrections Officer, Shawangunk Correctional Facility; (2) Ken Cutler, Corrections Officer, Shawangunk Correctional Facility; (3) J. Stefanik, Corrections

---

[1] The Motion for a Temporary Restraining Order shall be addressed in separate Order.

Officer, Shawangunk Correctional Facility; (4) Haine, Corrections Officer, Shawangunk Correctional Facility; (5) Kane, Corrections Officer, Shawangunk Correctional Facility; (6) Gay, Corrections Officer, Shawangunk Correctional Facility; (7) Gardner, Lieutenant, Shawangunk Correctional Facility; and (8) Moss, Sergeant, Shawangunk Correctional Facility.

Second, it appears to the Court that the named Plaintiffs seek to have this matter proceed as a class action pursuant to Federal Rule of Civil Procedure 23. It is well settled that a class action cannot be maintained by a *pro se* litigant since non-attorneys may not represent anyone other than themselves. *Miller v. Zerillo*, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007) (citing cases and recommending denial of class certification without prejudice until an attorney makes an appearance); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); 28 U.S.C. § 1654. Since none of the named Plaintiffs are attorneys, the request to have this matter class certified must be **denied** without prejudice for renewal in the event an attorney appears on Plaintiffs' behalf.

Third, a review of the Complaint reveals that it does not bear all of the Plaintiffs' signatures. In fact, the only signature on the Complaint is that of Plaintiff Ashford. Compl. at p. 54. And, the four Affidavits filed by the purported Plaintiffs subsequent to the filing of the Complaint are inadequate as they fail to indicate that they have reviewed the Complaint and that the statements rendered therein are accurate. Pursuant to the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." FED. R. CIV. P. 11(a). Since the Complaint only bears Plaintiff Ashford's signature, this action can only continue on his behalf unless and until each Plaintiff files the affidavit, attached to this Report-Recommendation and Order, bearing his

own signature. Given the *pro se* status of the individuals pursuing this action, we will provide each Plaintiff with an opportunity to present such affidavit prior to the Court's review of the Complaint pursuant to 28 U.S.C. § 1915. Therefore, the Court hereby directs each Plaintiff to file with the Court, **within thirty (30) days** from the filing date of this Order, the attached affidavit which states that he has read the Complaint and the text of Federal Rule of Civil Procedure 11. By executing the same, each Plaintiff shall be declaring that he is representing to the Court all of the representations delineated in Federal Rule of Civil Procedure 11(b) with respect to the Complaint filed herein.

As to the four subsequent Affidavits submitted by individuals seeking to join this action, we shall construe the Affidavits to be motions to join this action and preliminarily grant these motions on the condition that each of the four prospective Plaintiffs also complete an affidavit acknowledging they have read the Complaint and Rule 11. The Clerk of the Court shall add the following Plaintiffs to this matter: (1) Abdul Beyah; (2) Johnathen Marks; (3) Latief Johnson; and (4) Richard Curtis. In the event a Plaintiff fails to submit the required affidavit, we shall recommend dismissal of such party.

Fourth, the Court has received one Motion to Proceed *in Forma Pauperis* filed by Plaintiff Ashford. Dkt. No. 3. Ashford failed, however, to provide an Inmate Authorization Form. Furthermore, because this matter cannot proceed as a class action with Ashford as the designated class representative, the Court directs that each Plaintiff separately file a Motion to Proceed *in Forma Pauperis* and an Inmate Authorization Form. For convenience, the Court has attached to this opinion sample documents which require each Plaintiff's signature. In the event any one Plaintiff fails to submit a Motion to Proceed *in Forma Pauperis* and an Inmate Authorization Form, the matter will not be able to proceed without a full payment of the filing fee in the amount of $350.

Next, we turn to Plaintiff Ashford's Motion to Appoint Counsel. Dkt. No. 13. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits of the claims, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of New York*, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; but, they do have to show likely merit. *Id.*

This action was only recently commenced. Defendants have not yet responded to the allegations contained in Plaintiff's Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Complaint wherein he states the facts surrounding his claim. Where a plaintiff provides mere allegations relating to his or her claims, as opposed to evidence, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court **denies** Plaintiff's Motion for Appointment of Counsel **without prejudice**. After Defendants have responded to the allegations in Plaintiff's Complaint, Plaintiff may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit. Plaintiff is

advised that any future motion for appointment of counsel must be accompanied by documentation that substantiates Plaintiff's efforts to obtain counsel from the public and private sector.

Lastly, the Court notes that there have already been instances wherein mail has been returned to this Court as "undeliverable." Dkt. Nos. 7 & 9. The Court takes this opportunity to remind the *pro se* Plaintiffs that the sole responsibility for keeping the Court, and adversaries if they should receive service of process, apprised of an updated address rests with each Plaintiff. N.D.N.Y.L.R. 10.1(b)(2). The failure to do so can result in dismissal of the party's action. N.D.N.Y.L.R. 41.2(b).

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk of the Court shall add the following Defendants: (1) Hoetger, Corrections Officer, Shawangunk Correctional Facility; (2) Ken Cutler, Corrections Officer, Shawangunk Correctional Facility; (3) J. Stefanik, Corrections Officer, Shawangunk Correctional Facility; (4) Haine, Corrections Officer, Shawangunk Correctional Facility; (5) Kane, Corrections Officer, Shawangunk Correctional Facility; (6) Gay, Corrections Officer, Shawangunk Correctional Facility; (7) Gardner, Lieutenant, Shawangunk Correctional Facility; and (8) Moss, Sergeant, Shawangunk Correctional Facility; and it is further

**ORDERED**, that the Clerk of the Court add the following Plaintiffs: (1) Abdul Beyah; (2) Johnathen Marks; (3) Latief Johnson; and (4) Richard Curtis; and it is further

**ORDERED**, that each Plaintiff shall execute and file the attached affidavit pursuant to Rule 11 within **thirty (30) days** from the filing date of this Order. If any Plaintiff fails to execute such affidavit, this Court will recommend dismissal of his action; and it is further

**ORDERED**, that each Plaintiff must file an Application to Proceed *in Forma Pauperis* and an Inmate Authorization Form or submit the entire filing fee of $350. This case cannot proceed

without fully executed Applications to Proceed *in Forma Pauperis* <u>and</u> Inmate Authorization Forms or the entire filing fee of $350; and it is further

**ORDERED**, that Plaintiff Ashford's Motion for Appointment of Counsel (Dkt. No. 13) is **DENIED** without prejudice; and it is further

**ORDERED, <u>that each Plaintiff is required to promptly notify the Clerk's Office of any change in Plaintiff's address; failure to do so will result in the dismissal of this action</u>**; and it is further

**RECOMMENDED**, that the Request for Class Certification be **denied without prejudice** with leave to renew in the event that Plaintiffs obtain an attorney to represent them in this matter; and it is further

**ORDERED**, that the Clerk of the Court shall return this matter to the Court for further review upon receipt of the executed Affidavits, Motions to Proceed *in Forma Pauperis* and Inmate Authorization Forms; and it is further

**ORDERED**, that the Clerk of the Court mail a copy of this Report-Recommendation and Order on each Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  December 3, 2008

Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MAUREN JEROME ASHFORD, *et al.*,

                Plaintiffs,

    - v -                                                        9:08-CV-1036
                                                                               (DNH) (RFT)

ELIOT SPITZER, *et al.*,

                Defendants.

STATE OF NEW YORK      :
COUNTY OF _____ : ss.

    _____, being duly sworn, deposes and states:

    1. I am a Plaintiff in the above-referenced action and submit this Affidavit in support of the Complaint.

    2. On or about September 29, 2008, I completed the Complaint in this matter and thereafter forwarded it to the United States District Court for the Northern District of New York in the action referenced above.

    3. The information set forth in the Complaint is true and correct to the best of my information and belief.

    4. I have read the text of Rule 11 of the Federal Rules of Civil Procedure and hereby represent to the Court all of the representations delineated in Rule 11(b) with respect to the Complaint filed herein.

                                                                      _____

Sworn to and subscribed before me
this _____ day of _____, 200\_\_.

_____
Notary Public

# INMATE AUTHORIZATION

I, _____ , authorize the agency holding me in custody to send to the Clerk of the United States District Court for the Northern District of New York ("Clerk"), at his request, certified copies of statements of my trust fund account (or institutional equivalent) at the institution where I am currently incarcerated.

If I have not been incarcerated at my current place of confinement for at least six (6) months, I authorize such agency to provide said Clerk, at his request, with copies of such account statements from the institution(s) in which I had previously been incarcerated.

I further request and authorize the agency holding me in custody to calculate, encumber and/or disburse funds from my trust fund account (or institutional equivalent) in the amounts specified by 28 U.S.C. § 1915(b). This authorization is furnished in connection with the commencement of the civil action submitted herewith (or noted below), and I understand that the total filing fee which I am obligated to pay is $350.00. I also understand that this fee will be debited from my account regardless of the outcome of my lawsuit. This authorization shall apply to any other agency into whose custody I may be transferred.

☞ Signature: _____
★ NOTE: You must sign your name on the above line. ★

FOR OFFICIAL USE ONLY – DO NOT WRITE BELOW THIS LINE

Name and DIN Number: _____

Civil action number: 9:08-cv-1036

Short name of case: Mauren Jerome Ashford, *et al.* v. Eliot Spitzer, *et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MAUREN JEROME ASHFORD, *et al.*,
        Plaintiffs,

  - v -                  9:08-CV-1036
                           (DNH)(RFT)

ELIOT SPITZER, *et al.*,

         Defendants.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FFES AND AFFIDAVIT

I, _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant   ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 U.S.C. § 1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?  ☐ Yes  ☐ No  (If "No," go to Part 2)
  If "Yes," state the place of your incarceration _____
  Are you employed at the institution? ☐ Yes  ☐ No
  Do you receive any payment from the institution? ☐ Yes  ☐ No
  Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?  ☐ Yes  ☐ No
  a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.
  b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past twelve (12) months, have you received any money from any of the following sources?

|   |   |   |   |
|---|---|---|---|
| a. | Business, profession or other self-employment | ☐ Yes | ☐ No |
| b. | Rent payments, interest or dividends | ☐ Yes | ☐ No |
| c. | Pensions, annuities or life insurance payments | ☐ Yes | ☐ No |
| d. | Disability or workers compensation payments | ☐ Yes | ☐ No |
| e. | Gifts or inheritances | ☐ Yes | ☐ No |
| f. | Any other sources | ☐ Yes | ☐ No |

If the answer to any of the above is "Yes," describe, on a separate sheet of paper, each source of money and state th amount received and what you expect you will continue to receive.

4. Do you have **any** cash or checking or savings accounts?   ☐ Yes   ☐ No

   If "Yes," state the total amount _____.

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☐ Yes   ☐ No

   If "Yes," describe the property and state its value:

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
       Date                                           Signature of Applicant

---

CERTIFICATE

(incarcerated applicants only)

(To be completed by appropriate official at the institution of incarceration)

I certify that the applicant named herein has the sum of $ _____ on account to his/her credit at (name of institution) _____. I further certify that the applicant has the following securities to his/her credit: _____. I further certify that

**during the past six months**, the applicant's average balance was $ _____.

_____  _____
       Date                                                            Signature of Authorized Officer

---

**NOTICE TO INMATES:**

      Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, inmates are required to pay, over a period of time, the full filing fee.