**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ISSAC MCDONALD,[1]

                            Plaintiff,

        - v -                          Civ. No. 9:08-CV-1036
                                             (LEK/RFT)

BRIAN FISCHER, *Comm'r, New York State Dep't of Corr.*
*Servs.*; EDWIN ELFELDT, *Coordinator Sex Offender Counseling*
*and Treatment Program*; JOSEPH T. SMITH, *Superintendent,*
*Shawangunk Corr. Facility*; NEVILLE ANDREWS, *Deputy*
*Superintendent, Programs, Shawangunk Corr. Facility*; ED RUDDER,
*Senior Counselor/Psychologist*; DICK FITCHETT, *Senior Counselor*;
BRIAN McCULLOUGH, *Senior Counselor*; JOHN TOWNLEY,
*Corrections Counselor/LMSW*; STACEY BODE, *Clinical Social Worker II*,

                              Defendants.

**APPEARANCES:**                         **OF COUNSEL:**

ISSAC MCDONALD
Plaintiff, *Pro Se*
***Last Known Address***:
413 18th Street, Apt. 3
Niagara Falls, New York 14305

HON. ERIC T. SCHNEIDERMAN           DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      This *pro se* civil rights action commenced on September 29, 2008, with the filing of a civil

rights Complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. The Complaint targeted alleged

constitutional violations stemming from the enactment of the Sex Offender Management and

---

[1] Mr. McDonald is the sole remaining Plaintiff in this matter, thus, we list only him and the remaining Defendants in the caption of the case.

Treatment Act ("SOMTA") as well as the administration of the New York State Department of Correctional Services' ("DOCS")[2] Sex Offender Counseling and Treatment Program ("SOCTP") at Shawangunk Correctional Facility.  The Complaint initially named twenty-two Plaintiffs, and even more Defendants, however, it was only signed by one Plaintiff, Maureen Jerome Ashford, who was attempting to act as a class representative.  *Id*. at p. 50.  Thereafter, four other individuals sought to join the action through Affidavits.  *See* Dkt. Nos. 4, 5, 10, & 12.  On December 3, 2008, this Court, in a Report-Recommendation and Order, addressed a host of preliminary issues and, *inter alia*, directed each purported Plaintiff who wished to proceed with this matter to execute an affidavit pursuant to Federal Rule of Civil Procedure 11 indicating their desire to maintain the action and attesting that they've read both the Complaint and Rule 11.  Dkt. No. 14 at pp. 2-3 & 5.  We further directed each purported Plaintiff to submit properly executed *in forma pauperis* applications and inmate authorization forms.  *Id*. at pp. 3 & 5-6.  Lastly, Plaintiff Ashford's request for appointment of counsel was denied as premature and we recommended that the District Judge deny the request to proceed with this action as a class action since no attorney had made an appearance on behalf of any Plaintiff and a *pro se* litigant could not maintain a class action.  *Id*. at pp. 2 & 4-6.

On December 23, 2009, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to which none of the remaining Plaintiffs[3] issued any opposition.  Dkt. Nos. 115 & 136.  On December 8, 2010, in a Memorandum-Decision and Order,

---

[2] In April 2011, the Department of Correctional Services and the Division of Parole were merged into one entity, now referred to as the Department of Corrections and Community Services ("DOCCS").

[3] For varying reasons, at the time the Motion to Dismiss was filed, only six of the original twenty-six Plaintiffs remained in this action: Maureen Jerome Ashford; Dennis Park; Raymond C. George; Issac McDonald; Jonathan Marks; and Mark Swift.  On April 20, 2010, Plaintiff Marks was terminated from this action due to his failure to provide an updated address.  *See* Dkt. No. 127 (directing the Clerk of the Court to terminate Plaintiff Marks if after the expiration of thirty days he failed to provide the Court with an updated address).

the Honorable Lawrence E. Kahn, Senior United States District Judge, granted Defendants' Motion

in part and denied it in part; he further *sua sponte* reviewed claims in the Complaint not at issue in

Defendants' Motion and thus dismissed some of these other claims.  Dkt. No. 136.  Judge Kahn

found that all of the Plaintiffs' claims should be dismissed except for: 1) Eighth Amendment claims

against Defendants Fischer, Elfeldt, Smith, Rudder, Fitchett, McCullough, Chiapperino, Townley,

and Bode concerning the contaminated water supply at Shawangunk; and 2) First Amendment

Establishment Clause claim against Defendants Fischer, Elfeldt, Smith, Andrews, Rudder, Fitchett,

McCullough, Chiapperino, Townley, and Bode.  *Id*.  The remaining Defendants were directed to file

an answer to the surviving portions of the Complaint.  *Id*.

       After the filing of the Defendants' Answer, this Court issued a Mandatory Pretrial Discovery

and Scheduling Order.  Dkt. Nos. 137 & 138.  Pursuant to Federal Rule of Civil Procedure

30(a)(2)(B), the Court's Scheduling Order granted permission for Defendants to take Plaintiffs'

depositions.  Dkt. No. 138 at pp. 3-4.  That Order also contained the following admonition:

> The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions
> may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P.
> 37.  Objections made in good faith in accordance with governing rules are not
> prohibited.

*Id*. at p. 4.

       On February 17 and March 1, 2011, Defendants' counsel, Assistant Attorney General

Douglas Goglia, sent discovery material to the remaining Plaintiffs.  *See* Dkt. No. 152-2, Douglas

J. Goglia, Esq., Decl., dated Apr. 20, 2011, at ¶¶ 2, 4,[4] & 7; Exs. A & C.  Also on February 17, 2011,

Attorney Goglia sent Plaintiff McDonald a formal Notice of Deposition, setting his deposition for

---

[4] In his Declaration, Attorney Goglia incorrectly lists February 17, 2011 as the date he sent inmate grievance
history to Plaintiff McDonald.  Goglia Decl. at ¶ 4.  However, the attached Exhibit clearly shows that these discovery
materials were sent on March 1, 2011.  *Id*., Ex. C.

March 24, 2011, to be held at the Attorney General's Albany Office. *Id*. at ¶ 3 & Ex. B. In the letter accompanying the deposition notice, McDonald was told to contact Assistant Attorney General Goglia in the event that the date selected was not convenient for him. *Id*., Ex. B. Attorney Goglia specifically noted in his letter the consequences that could occur, including dismissal, should McDonald fail to attend his scheduled deposition. *Id*. On March 17, 2011, Attorney Goglia sent McDonald a letter reminding him about the deposition scheduled for March 24, 2011. *Id*. at ¶ 5 & Ex. C. On March 21, 2011, the discovery materials mailed to McDonald on March 1, 2011, were returned to Attorney Goglia with the notation "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." *Id*. at ¶ 7 & Ex. F; Dkt. No. 152-1, Defs.' Mem. of Law at p.3. Plaintiff McDonald did not appear at the deposition scheduled for March 24, 2011. Defs.' Mem. of Law at p. 3. Then, on March 28, 2011, the correspondence sent to McDonald on March 17, 2011, was returned to Attorney Goglia with the notation "Return to Sender, VACANT."[5] *Id*. at p. 4.

On April 20, 2011, Defendants filed a Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), due to Plaintiff McDonald's failure to attend his scheduled deposition and pursue the litigation of this matter. Dkt. No. 152. A response to that Motion was due by May 26, 2011. To date, the Court has not received any response from Plaintiff McDonald. In the time since the Defendants filed their Motion against Plaintiff McDonald, each of the remaining Plaintiffs executed stipulations to dismiss their respective action against the Defendants. *See* Dkt. Nos. 150 (Plaintiff Mark Swift), 151 (Plaintiff Dennis Park), 155 (Plaintiff Mauren Jerome Ashford), & 158 (Plaintiff Raymond George). In turn, Judge Kahn has endorsed each of these stipulations and each Plaintiff has thus been terminated from this action, except for Plaintiff McDonald. *See* Dkt. Nos.

---

[5] Although referenced in their Memorandum of Law, this item is not appended to Attorney Goglia's Declaration. *See* Defs.' Mem. of Law at p. 4 (citing Goglia Decl., Ex. F).

153 (Plaintiff Dennis Park), 154 (Plaintiff Mark Swift), 156 (Plaintiff Mauren Jerome Ashford), &

159 (Plaintiff Raymond George).

    The Court has received very little communication from Plaintiff McDonald during the three

years this action has been pending.  He was active in this litigation at the inception, as evidenced

by his correspondence to the Court identifying himself as a "Co-Representative," but his interest

herein has waned since February 23, 2009, the date on which he notified the Court of a civilian

address following his release from DOCS' custody.[6]  In fact, the Court has not received <u>any</u>

communication from Plaintiff since the filing of that change of address.  And, starting in March

2010, several documents mailed to Plaintiff at the address he provided have been returned to this

Court as undeliverable.  *See* Dkt. Nos. 129, 148, 157, & 160.

    Based upon the above history, it is quite evident to this Court that Mr. McDonald does not

intend to defend against the pending Motion nor prosecute this matter.

    Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken

orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may

be treated as contempt of court."  Rule 37 further authorizes an array of sanctions to be imposed

when a party fails to comply with a court order.  FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R.

1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this

District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground

for imposition of sanctions.").  Included as a sanction in Rule 37(b)(2) is the remedy of dismissal

against the disobedient party.  FED. R. CIV. P. 37(b)(2)(A)(v).  Sanctions are also available, upon

---

[6] According to the DOCCS website, Plaintiff McDonald was released from DOCCS's custody on February 11, 2009, after serving the maximum term of his incarceration.  *See* DOCCS Inmate Information, *available at* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ000 (last visited November 3, 2011).

motion, for a party's failure to attend his own deposition.  FED. R. CIV. P. 37(d)(1)(A)(I).

Also, in this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries.  N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)).  A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b).  As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address.  *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699.

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]"  FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2.  "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases."  *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1

(S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)).  Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).  Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant.  *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with Court Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal.  *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive.  *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendant's Motion and the entire Docket Report, we find that Plaintiff has exhibited an unwillingness to participate in this litigation.  Plaintiff was given ample opportunity to reschedule his deposition if the date chosen was not feasible.  Furthermore, Defendants provided clear notice to Plaintiff that should he fail to attend his scheduled deposition, sanctions could be imposed, including dismissal.  That warning mirrored this Court's warning in December 2010 when

we granted permission to Defendants to take the Plaintiffs' depositions.  Dkt. No. 138 at p. 4 ("The failure of the Plaintiff[] to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37.").  Plaintiff has also been advised on numerous occasions of his obligation to keep the Court and his adversaries apprised of any change in his address.  *See* Dkt. No. 14, Order, dated Dec. 3, 2008 ("The Court takes this opportunity to remind the *pro se* Plaintiffs that the sole responsibility for keeping the Court, and adversaries if they should receive service of process, apprised of an updated address rests with each Plaintiff. . . . The failure to do so can result in dismissal of the party's action.") (citing N.D.N.Y.L.R. 10.1(b)(2) & 41.2(b)); Dkt. No. 54, Order, dated Apr. 20, 2009, at pp. 4-5 & 6-7 (granting Plaintiff' McDonald's request to proceed *in forma pauperis* and further advising him of his duty to inform the Court of any address change and failure to do so could result in dismissal).  Indeed, Plaintiff acknowledged this responsibility when on two separate occasions he informed the Court of a change in address, first for other Plaintiffs and then himself.  Dkt. Nos. 11 & 50.

Plaintiff McDonald is the sole remaining Plaintiff in this action, and his whereabouts are unknown.  This invariably prejudices the Defendants ability to properly defend this matter.  Plaintiff has also ignored Court orders that directed him to participate in his deposition in good faith and to maintain a current address with the Court.  Such behavior cannot be countenanced.  Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions.  Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendants to incur any unnecessary costs associated with an action Plaintiff ostensibly, given his failure to communicate with the Court, has no desire to litigate.  Given Plaintiff's behavior and inattention to Court Orders, we are left with only

-8-

one suitable sanction, dismissal.  *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 37(b) & 41(b) (Dkt. No. 152) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(e).

Date:   November 9, 2011
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge